UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DON'E WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04 CV 23 JCH |
| ) | |
| JAMES GAMMON, ) | |
| TERESA THORNBURG, ) | |
| KEVIN O'BRIAN, ) | |
| GAIL BAILEY, ) | |
| RICHARD F. GRAHAM, ) | |
| ROBERT M. HAMPTON, ) | |
| THERESA VANLANDINGHAM, ) | |
| GLEN BABICH, ) | |
| GREGORY PERNOUD, ) | |
| ERNEST JACKSON, ) | |
| ROBERT ADAMS, and ) | |
| CORRECTIONS SECURITY ) | |
|     OFFICERS DOES #2, 3, 4, 5, ) | |
| UNKNOWN JOHNSON. ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

While incarcerated in a Missouri state correctional facility, Plaintiff Don'e White suffered a broken jaw. He brings suit against numerous defendants for violations of his constitutional rights relating to the treatment of his injuries.

Plaintiff White filed his pro se amended complaint in this Court on January 6, 2005. (Doc. No. 12). In his complaint, Plaintiff seeks monetary, declaratory, and injunctive relief for alleged

1

violations of his constitutional rights. Specifically, Plaintiff complains defendants[1] showed deliberate indifference to his medical needs by failing to treat his broken jaw properly.

This case is before the Court on five motions: (1) Defendant Gregory Pernoud's Motion to Dismiss, (2) Plaintiff's Motion for Entry of Clerk's Default, (3) Plaintiff's Motion for Summary Judgment by Default, (4) Defendants Teresa Thornburg, James Gammon, Robert Adams, and Kevin O'Brian's Motion to Dismiss, and (5) Defendant Pernoud's Motion to Dismiss for Failure to File an Affidavit. (Doc. Nos. 38, 42, 45, 47, 53). The Court will address the motions in turn.

## DISCUSSION

### I. Defendant Dr. Gregory Pernoud's Motion to Dismiss

Defendant Dr. Gregory Pernoud is an oral surgeon who participated in the treatment of White's broken jaw. Dr. Pernoud brings his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the actions alleged in the complaint do not amount to a constitutional violation. (Memorandum in Support, Doc. No. 39).

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted

---

[1] Defendants are doctors, nurses, dentists, oral surgeons, corrections officers, and administrators affiliated with the Missouri state prison system. White was incarcerated at several Missouri state correctional facilities during the time period in question.

"only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). The allegations of a pro se complaint "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotations omitted).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A plaintiff must demonstrate "(1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

Dr. Pernoud argues that the facts alleged in the complaint are mere disagreements with his professional judgment, and that White can prove no set of facts that constitute deliberate indifference to a serious medical condition. The Court disagrees. White was brought to Dr. Pernoud's office for treatment of his broken jaw. In the complaint, White alleges that Dr. Pernoud first told him that his jaw was not broken, that it was merely an overbite. At White's insistence, Dr. Pernoud took an x-ray and found that White's jaw was indeed broken. White asserts that Dr. Pernoud then performed oral surgery, including running a rod through his temple, with allegedly inadequate or non-existent anesthesia. (Complaint, Doc. No. 12 at 11). White also asserts that while he screamed and cried in pain, and begged Dr. Pernoud to stop, Dr. Pernoud laughed and joked. He also avers that he passed

3

out from the pain afterwards. White alleges that during a second visit,[2] Dr. Pernoud again gave him inadequate or no anesthesia before performing the procedure, and again laughed while White screamed in pain. Id.

The Court does not believe that White can prove no set of facts in support of his claim which would entitle him to relief. The issue in a 12(b)(6) motion "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) (internal quotations omitted).

Defendant Pernoud's motion to dismiss for failure to state a claim (Doc. No. 38) is denied.

## II. Plaintiff's Motions for Default

Plaintiff White brings two motions for clerk's default against various defendants. (Doc. Nos. 42, 47). White argues that they failed to answer in the required time period. The Court notes that the docket sheets show that these defendants did timely respond, so the motions must be denied.

Plaintiff White's motions for clerk's default (Doc. Nos. 42, 47) are denied.

## III. Defendants Thornburg, Gammon, Adams, and O'Brian's Motion to Dismiss

Defendants Thornburg, Gammon, Adams, and O'Brian move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 45). Defendants Thornburg and Gammon are, respectively, Assistant Superintendent and Superintendent of Moberly Correctional Center. Defendant O'Brian is a captain

---

[2] During the first procedure, White alleges that Dr. Pernoud dropped a wire on the floor, and then used it in the surgery without cleaning it. White was returned to Dr. Pernoud because of an infection allegedly caused by this wire.

4

with the Department of Corrections, and Defendant Adams is a corrections officer.

In the amended complaint, White includes no specific allegations of Defendant Gammon's actions. Respondeat superior is not a basis for § 1983 liability. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." Id. Here, where there are no allegations of Defendant Gammon's unlawful actions, he cannot be liable under § 1983.

The allegation against Defendant Thornburg, on the other hand, is not based on respondeat superior. White alleges that Defendant Thornburg instructed a doctor to remove the wires and braces from White's jaw five days after his jaw had been re-broken. (Amended Complaint, Doc. No. 12, at 9-10).

Again, White must show "(1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany, 132 F.3d at 1239. Defendants do not argue that a broken jaw is not a serious medical need. As to Defendant Thornburg, White has alleged sufficient facts to survive a motion to dismiss.

White's only allegations against Defendants Adams and O'Brian are that they sent him to solitary confinement ("the hole") with only over the counter medication to treat his pain. Applying the two part test above, the Court can see no set of facts in support of White's claim which would entitle him to relief against Defendants Adams and O'Brian.

Defendants Motion to Dismiss (Doc. No. 46) is granted as to Defendants Gammon, Adams, and O'Brian, and denied as to Defendant Thornburg.

**IV.     Defendant Pernoud's Motion to Dismiss for Failure to File an Affidavit**

Defendant Dr. Pernoud brings a motion to dismiss for failure to file a health care affidavit under Mo. Rev. Stat. § 538.225. (Doc. No. 53). This provision requires the plaintiff in a medical malpractice tort action to file an affidavit from a health care provider stating that the defendant "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition." Mo. Rev. Stat. § 538.225. If the affidavit is not filed within 90 days of the filing of the petition, and the Court does not find good cause for the failure, the Court must dismiss the claim without prejudice. Id.

This provision, however, applies only to medical malpractice tort actions. Morrison v. St. Luke's Health Corp., 929 S.W.2d 898, 905 (Mo. Ct. App. 1996). See Moore v. Ernest-Jackson, 16 Fed.Appx. 517, 518 (8th Cir. 2001) (when prisoner's state law claim was dismissed for failure to file health care affidavit, his § 1983 claim for delay in providing medical care could go to jury). White appears to have brought his action under § 1983, not as a common law tort. As such, he is not required to file a health care affidavit.

Defendant Dr. Pernoud's motion to dismiss for failing to file a health care affidavit (Doc. No. 53) is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Pernoud's Motion to Dismiss (Doc. No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Clerk's Default (Doc. Nos. 42,

47) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Thornburg, Gammon, Adams, and O'Brian's Motion to Dismiss (Doc. No. 45) is **GRANTED** as to Defendants Gammon, Adams, and O'Brian, and **DENIED** as to Defendant Thornburg.

**IT IS FURTHER ORDERED** that Defendants Gammon, Adams, and O'Brian are **DISMISSED** as parties to this suit.

**IT IS FURTHER ORDERED** that Defendant Pernoud's Motion to Dismiss for Failure to File an Affidavit (Doc. No. 53) is **DENIED**.

Dated this 16th day of November, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE