UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DON'E WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:04CV23 JCH |
| ) | |
| GREGORY PERNOUD, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Dr. Gregory Pernoud's Motion for Summary Judgment, filed March 7, 2006. (Doc. No. 70). For the reasons stated below, the Court grants Defendant's Motion for Summary Judgment.

**BACKGROUND**

By way of background, at all times relevant to this Complaint Plaintiff Don'e White[1] was incarcerated within the Missouri Department of Corrections. In December 2002, White's jaw was fractured in an altercation with another prisoner. (Amended Complaint, Doc. No. 12 ¶ 1). In March 2003, after he continued to complain of pain from the fracture, White was brought to see Dr. Pernoud, an oral and maxillofacial surgeon certified by the American Board of Oral and Maxillofacial Surgery. (Defendant's Statement of Uncontroverted Facts, Doc. No. 70 ("DSUF") ¶¶ 3-5). After an examination, Dr. Pernoud noted that White's jaw was broken, specifically he found "clinical and radiological evidence of a nonunion and a discontinuity defect in Mr. White's jaw." (DSUF ¶ 6).

---

[1] Plaintiff's Petition for a Change of Name to Dondiego Pondexter Corleon was denied by the Court. (Doc. No. 12, at 16; Docket Text Order, December 15, 2005).

To alleviate White's pain, Dr. Pernoud decided to wire White's jaw shut. (DSUF ¶ 7; Amended Complaint, Doc. No. 12, at 11). White signed a consent form that included consent to anesthesia. (Consent Form, Doc. No. 70, attached exh. D). Dr. Pernoud used local anesthesia to perform the procedure. (DSUF ¶ 8; Amended Complaint, Doc. No. 12, at 11). White alleges that he was given anesthesia in the gums, but not in the chin or the right temple, where "Pernoud ran a rod through." (Statement of Controverted Facts, Doc. No. 73 ¶ 8). White also alleges that Pernoud dropped one of the wires on the floor, but then picked it up and continued to use it in the procedure. (Amended Complaint, Doc. No. 12, at 11). In addition, White asserts that Dr. Pernoud laughed and joked while performing the procedure. (Amended Complaint, Doc. No. 12, at 11). Dr. Pernoud prescribed an antibiotic to prevent infections. (DSUF ¶ 9).

Six days later, White returned to Pernoud's office with an infection on the right side of his jaw. (DSUF ¶ 10). Pernoud administered a local anesthetic,[2] removed the wire, and instructed White to continue to take the antibiotics. (DSUF ¶¶ 11-12). Dr. Pernoud also noted that White's oral hygiene was poor and that this was probably the cause of the infection. (DSUF ¶ 13; Consultation Report, Doc. No. 70, attached exh. C). White did not return to Pernoud's office after this visit. (DSUF ¶ 14).

White filed his Complaint on April 5, 2004. (Doc. No. 1). He filed his Amended Complaint on January 6, 2005. (Doc. No. 12). In the Amended Complaint, he alleges that Dr. Pernoud's actions violated his right under the Eighth Amendment to be free from cruel and unusual punishment. As stated above, Dr. Pernoud filed his Motion for Summary Judgment on March 7, 2006. The matter is fully briefed and ready for disposition.

---

[2] White again asserts that the anesthetic was not administered in his chin. (Statement of Controverted Facts, Doc. No. 73 ¶ 11).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

In the Motion for Summary Judgment, Pernoud maintains that White fails to establish an Eighth Amendment claim for deliberate indifference to a serious medical need. The Supreme Court

has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976) (internal quotations and citation omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. A claim of medical negligence does not rise to the level of an Eighth Amendment violation, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 105-106. To prove his claim for an Eighth Amendment violation, White must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

The Eighth Circuit has held that "[a]n Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (internal citations omitted). White must demonstrate "(1) that [he] suffered objectively serious medical needs and (2) that the prison officials [and agents] actually knew of but deliberately disregarded those needs." Id.

Even assuming that White has met the first prong of the inquiry,[3] he has not shown that Dr. Pernoud deliberately disregarded that need. White points to three actions by Pernoud: not providing White with enough anesthesia during the procedure, dropping a wire on the floor, and laughing and

---

[3] White does not specify what constitutes the serious medical need. If it is the broken jaw, it is undisputed that Pernoud promptly treated White for this need. (DSUF ¶¶ 7-9). Alternately, White complains that Pernoud did not *stop* treating his broken jaw when White requested it. (Amended Complaint, Doc. No. 12, at 11) ("I begged him to stop over and over.").

joking while performing the procedure. (Amended Complaint, Doc. No. 12, at 11). White does not challenge the withholding of needed treatment, he challenges the doctor's decisions in administering the treatment. The Seventh Circuit addressed this issue in a similar factual situation. In Snipes v. DeTella, 95 F.3d 586 (7th Cir. 1996), a prisoner brought an Eighth Amendment challenge after a prison physician removed the prisoner's toenail without anesthesia:

> The argument raises an interesting question: To what extent can one portion or procedure of a "medical treatment" be separated out and subjected to deliberate indifference scrutiny? In other words, is it proper to parse Dr. Ehrhardt's treatment into two discrete actions, (1) the refusal to give anesthetic and (2) the removal of the toenail, or must the entire treatment be viewed as a whole? We think in this case the latter is the correct approach. In Dr. Ehrhardt's medical judgment (and Snipes agrees), the toenail had to be removed. So there is no issue of withholding a needed treatment. Removing a toenail (the treatment) involves a number of minor medical decisions, including whether the procedure merits a local anesthetic. Such decisions are "classic example[s] of matter[s] for medical judgment," Estelle, 429 U.S. at 107, 97 S.Ct. at 292-93, and thus are questions of tort, not constitutional law.

Snipes, 95 F.3d at 591. Like in Snipes, White does not dispute that his jaw needed to be wired shut to allow his jaw to heal. The Court finds the Seventh Circuit's reasoning in Snipes persuasive, and also sees White's allegations as "questions of tort, not constitutional law." Snipes, 95 F.3d at 591.

Even if the Court does parse White's treatment, he has not presented any allegations that could amount to an Eighth Amendment violation. Like the inmate in Snipes, White agrees that his broken jaw needed treatment, but he disagrees with the amount of pain medication the doctor administered.[4] The decision of how much pain medication to use is a "classic example of a matter for medical judgment" that does not rise to the level of an Eighth Amendment violation. Estelle, 429 U.S. at 107. And assuming that Dr. Pernoud dropped a wire on the floor and then continued to use it in the procedure, this is no more than medical negligence. As stated above, negligence does not give rise to an Eighth Amendment violation. Estate of Rosenberg, 56 F.3d 35 at 37. Lastly, White

---

[4] Unlike the inmate in Snipes, White was given anesthesia.

asserts that Pernoud laughed and joked during the procedure. Although laughter might be inappropriate bedside manner, it does not amount to an Eighth Amendment violation. Owens v. Cuyler, 1989 WL 79737 (E.D. Pa. 1989).

White has not shown there to be a dispute of genuine issue of material fact of whether Dr. Pernoud displayed deliberate indifference to a serious medical need.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gregory Pernoud's Motion for Summary Judgment (Doc. No. 70) is **GRANTED**, and Plaintiff's claim against Defendant Pernoud is dismissed with prejudice.

Dated this 5th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE